UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROLAND STEVENS,

               Plaintiff,                    No. 14-10863

v.                                  District Judge Gershwin A. Drain
                                  Magistrate Judge R. Steven Whalen

DEAN POTILA, ET AL.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

On February 25, 2014, Roland Stevens, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Before the Court is Defendants' Motion for Summary Judgment [Doc. #12], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be construed as an unenumerated Fed.R.Civ.P. 12 motion, that the motion be GRANTED, and that the complaint be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

### I.   FACTS

In his complaint, Plaintiff alleges that Defendant Potila, a Corrections Officer, violated his First Amendment rights by tampering with his mail, including his legal mail. Although his handwritten complaint is somewhat vague, he also appears to allege a retaliation claim and an Eighth Amendment claim based on Potila's having "harassed, humiliated, and disrespected" him.

Plaintiff alleges that he filed a grievance against Potila on or about November 11,

-1-

2013, but that as of the date of filing his complaint in this Court (February 25, 2014), he had not received a response.

Defendants argue that Plaintiff did not complete the administrative grievance process before filing suit, as required by 42 U.S.C. § 1997e(a). Appended to their motion as Exhibit 2 is MDOC Policy Directive 03.02.130, which describes the three-step grievance procedure. Defendants' Exhibit 3 is an MDOC Prisoner Step III Grievance Report showing that Plaintiff has not filed any Step III grievances.

In his response [Doc. #13], Plaintiff concedes that he did not file a Step III grievance, but argues that he is excused from doing so because he did not receive a timely response to his Step I grievance.

## II.   STANDARD OF REVIEW

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and

regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Under *Jones*, it is Defendants' burden to assert non-exhaustion as an affirmative defense. *Id*.; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008)*. Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

Under the PLRA, a dismissal for failure to exhaust nonjudicial remedies is without prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000)); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D.Mich. 2011).

In this case, the Defendants have styled their motion as a request for summary judgment. However, there has been a divergence of viewpoints as to the correct procedural basis for a dismissal premised on non-exhaustion.  In *Jones v. Bock,* 127 S.Ct. at 921, the Supreme Court suggested in dicta that failure to exhaust might be a basis for dismissal under Rule 12(b)(6).  However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted.  *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies). In *Melton v. Michigan Corrections Commission*, 2009 WL 722688 (E.D. Mich. 2009), the Court granted a motion for summary judgment, dismissing the complaint without prejudice for failure to exhaust.

In the context of the PLRA, a plaintiff's failure to exhaust administrative remedies

does not seem to fit within Fed.R.Civ.P. 12(b)(6). After *Jones v. Bock*, failure to exhaust

is not a pleading requirement, so there is no determination of whether a plaintiff has

stated a claim on the face of the complaint. And unlike the typical 12(b)(6) motion,

dismissal is without prejudice.[1] Rule 12(b)(1) (subject matter jurisdiction) clearly does not

apply, since "the PLRA exhaustion requirement is not jurisdictional." *Woodford v. Ngo*,

548 U.S. 81, 101, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Summary judgment seems

inapposite since there is no determination of the merits of the case, and "judgment" is not

entered. *See Studio Electrical Technicians Local 728 v. International Photographers of*

*Motion Picture Industries, Local 659*, 598 F.2d 551, 552 (9th Cir. 1979) ("Summary

judgment is on the merits," and failure to exhaust, as a matter in abatement, "ordinarily"

---

[1] If viewed as a Rule 12(b)(6) motion, a dismissal for failure to exhaust could also lead to the dismissal counting as a "strike" under the "three strikes" rule of 28 U.S.C. § 1915(g), which precludes granting IFP status to an inmate who has had three or more previous civil actions dismissed as frivolous or for failure to state a claim. In *Thompson v. Drug Enforcement Administration*, 492 F.3d 428, 438 (D.C. Cir. 2007), the D.C. Circuit stated in dicta:

> "With regard to exhaustion, both section 1915(g)'s text and our desire for clarity point toward the same rule: if the court dismisses an unexhausted complaint on a Rule 12(b)(6) motion or if it dismisses the complaint *sua sponte* and expressly declares that the complaint fails to state a claim, the dismissal counts as a strike. But if the court dismisses the complaint on some other procedural mechanism, such as a Rule 12(b)(1) motion or a motion for summary judgment, the dismissal will not count as a strike."

In *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir.), the Sixth Circuit held that where a complaint is dismiss in part without prejudice for failure to exhaust and in part with prejudice for failure to state a claim, the dismissal counts as a strike. Nevertheless, in *Booth v. Carril*, 2007 WL 295236, *3-4 (E.D. Mich. 2007), the court held categorically that "a routine dismissal for failure to exhaust administrative remedies does not count as a 'strike' under § 1915(g)." *See also Green v. Young*, 454 F.3d 405 (4th Cir. 2006) ("Because a dismissal for failure to exhaust is not listed in § 1915(g), it would be improper for us to read it into the statute."); *Snider v. Melindez, supra*. I am inclined to agree with the reasoning of *Booth*, *Green* and *Snider*. However, the absence of a clear directive from the Sixth Circuit is yet another reason to not treat these matters as Rule 12(b)(6) motions.

does "not deal with the merits."). *But see McCloy v. Corr. Med. Srvcs., supra* (treating exhaustion motion as a motion for summary judgment).

A number of courts have characterized a request to dismiss for failure to exhaust nonjudicial remedies as "subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); *see also Johnson v. Gregoire*, 2008 WL 5156428, *3 (W.D. Wash. 2008), citing *Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (finding that "while no defense described in 12(b)(1) through (7) encompasses failure to exhaust, federal courts traditionally have entertained certain pre-answer motions not expressly provided for by rule, and authority to hear such motions lies in federal court's inherent power to regulate actions pending before it"); *Thrasher v. Garland L*, 2007 WL 3012615, *1-2 (W.D. Wash. 2007) ("The proper motion to bring when asserting failure to exhaust administrative remedies...is an unenumerated 12(b) motion....").

I am persuaded that treating exhaustion motions as unenumerated Rule 12(b) motions is the more sound approach, particularly given the uncertainty as to whether a dismissal based purely on exhaustion constitutes a "strike" under the PLRA. This is the approach I followed in *Twohig v. Riley*, 2013 WL 3773365, *3-4 (E.D. Mich. 2013), and that Judge Cleland also applied in *McCormick v. Corizon Health, Inc.*, 2014 WL 897371, *2 -3 (E.D.Mich. 2014).

## III.   DISCUSSION

It is undisputed that although Plaintiff filed a grievance against Defendant Polita, he did not take the grievance through the third and final step of the administrative process. It is also undisputed that Plaintiff did not receive a Step I response to his grievance within the 15 days provided under the Policy Directive. Specifically, Paragraph

X of the Policy Directive 03.02.130 provides that "the due date [for a Step I response] shall be within 15 business days after receipt of the grievance unless an extension is granted pursuant to Paragraph S." An extension for a Step I or Step II response under Paragraph S "shall not exceed 15 business days." Here, no extension was requested, and in any event, the delay far exceeded either 15 or 30 days.

Plaintiff therefore relies on *Boyd v. Corrections Corporation of America*, 380 F.3d 989 (6th Cir. 2004), where the Sixth Circuit held that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Id*. at 996. *Boyd* relied on a number of cases from other Circuits where the failure to timely respond to a prisoner's grievance rendered administrative remedies "unavailable." *See Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir.2002) ("[W]e agree that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable[.]"); *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir.2002) ("We join the Eighth and Fifth circuits on this issue because we refuse to interpret the PLRA 'so narrowly as to ... permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.' "); *Foulk v. Charrier,* 262 F.3d 687, 698 (8th Cir.2001) ( "[O]nce [the prison] failed to respond to [the prisoner's written grievance], no further administrative proceedings were 'available' to him.").

However, Plaintiff's case falls outside the purview of *Boyd* because the Policy Directive explicitly makes further administrative proceedings available even in the absence of a timely response at Step I or Step II. Paragraph T of Policy Directive 03.02.130 provides as follows:

> "If a grievant chooses to pursue a grievance which has not been responded to by staff within required time frames, including any extensions granted,

the grievant may forward the grievance to the next step of the grievance process within ten business days after the response deadline expired, including any extensions which have been granted."

Paragraph BB provides:

"A grievant may file a Step II grievance if s/he is dissatisfied with the response received at Step I *or if s/he did not receive a timely response*." (Emphasis added).

Paragraph BB also states that the grievant *must* submit the Step II grievance form "within ten business days after receiving the Step I response or, if no response was received, *within ten business days after the date the response was due, including any extensions*." (Emphasis added).

Thus, notwithstanding the institutional failure to timely respond to Plaintiff's Step I grievance, he was not precluded from proceeding to Step II and Step III after the response deadline expired. Indeed, under Paragraph BB, he was *required* to do so within ten business days after the response was due. Because "proper exhaustion" requires "compliance with an agency's deadlines and other critical procedural rules," *Woodford v. Ngo, supra*, 548 U.S. at 90, and because, unlike *Boyd*, Plaintiff had further administrative remedies available to him, his failure to proceed through Step III before filing suit in this Court mandates dismissal of his complaint without prejudice.

## IV.   CONCLUSION

For these reasons, I recommend that Defendants' Motion for Summary Judgment [Doc. #12] be construed as an unenumerated Fed.R.Civ.P. 12 motion, that the motion be GRANTED, and that the complaint be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D.

-7-

Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 23, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 23, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager

-8-