UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROLAND STEVENS,

        Plaintiff,

v.                                    Case No. 14-cv-10863
                                    Honorable Gershwin A. Drain

DEAN POTILA, ET AL.,

        Defendants.

_____/

### OPINION AND ORDER ACCEPTING REPORT AND RECOMMENDATION [#20], OVERRULING PLAINTIFF'S OBJECTION [#21], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#12], AND DISMISSING COMPLAINT WITHOUT PREJUDICE

### I. INTRODUCTION

Plaintiff is an inmate who filed a prisoner civil rights action challenging the conditions of his confinement on February 25, 2014. *See* Dkt. No. 1. Specifically, Plaintiff asserts that Defendant Potila, a Corrections Officer, violated his First Amendment rights by tampering with his mail, including his legal mail. Additionally, though unclear, it appears that the Plaintiff alleges a retaliation claim and an Eighth Amendment claim based on alleged harassment by Defendant Potila. Lastly, Plaintiff alleges that he filed a grievance against Potila on or about November 11, 2013, but that, as of the date of filing his complaint in this Court, he had not received a response. *See id.*

On May 5, 2014, Defendants filed a Motion for Summary Judgment based on Plaintiff's failure to fully exhaust his administrative remedies. *See* Dkt. No. 12. The matter was referred to Magistrate Judge R. Steven Whalen, who issued a Report and Recommendation on January 23,

2015.  *See* Dkt. No. 20.   In the Report and Recommendation, Magistrate Judge Whalen recommended that the Court grant Defendant's Motion to Dismiss because Plaintiff failed to exhaust his administrative remedies prior to filing the instant action. *See id*.  On February 5, 2015, Plaintiff submitted his objections to the Report and Recommendation. *See* Dkt. Nos. 21, 22.  The Defendants failed to file a Response to Plaintiff's objection.  Nonetheless, the Court will **ACCEPT** Magistrate Judge Whalen's recommendation and **GRANT** the Defendants' Motion for Summary Judgment for the reasons discussed herein.

## II. LEGAL ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in Title 28 Section 636 of the United States Code ("Section 636"). According to Section 636, this Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

The Prison Litigation Reform Act requires Plaintiff to exhaust his administrative remedies prior to bringing this action.  *See* 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under  §1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Proper exhaustion is mandatory.  *Porter v.  Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001); *Woodford v.  Ngo*, 548 U.S. 81 (2006).

To meet the exhaustion requirement, Plaintiff must demonstrate compliance with the Michigan Department of Corrections' ("MDOC") grievance policies, including its deadlines and procedural rules.  *Woodford,* 548 U.S. at 90.  Thus, examination of the MDOC's grievance

policies, set forth in MDOC Policy Directive 03.02.130, *Prisoner/Parolee Grievances,* is required to determine whether Plaintiff's claims are exhausted.

The MDOC grievance procedure entails four steps. Only the first two steps of the grievance procedure are relevant to the Court's present analysis. For the first step, a grievant must attempt to resolve the issue orally within two business days of becoming aware of a grievable issue, unless prevented by circumstances beyond his or her control. *See* Dkt. No. 12-2 ("MDOC Policy Directive 03.02.130") at ¶ P. If the issue is not resolved, the inmate must then file a written Step I grievance within five days of the attempted oral resolution. *Id.* at ¶ V. If the inmate is not satisfied with the response to his Step I grievance, he may appeal to Step II by requesting an appeal within five days of receiving his Step I response. *Id.* at ¶ BB.

Paragraph BB outlines the steps a grievant must take at Step II and states: "A grievant may file a Step II grievance if s/he is dissatisfied with the response received at Step I *or if s/he did not receive a timely response*." Dkt. No. 12-2 at ¶ BB (emphasis added). Notably, paragraph BB states that the grievant *must* submit a Step II grievance form "within ten business days after receiving the Step I response or, if no response was received, *within ten business days after the date the response was due, including any extensions*." *Id.* (emphasis added).

Here, the Magistrate Judge reached the correct conclusion regarding Plaintiff's failure to exhaust administrative remedies because the Plaintiff failed to submit a Step II grievance form—as required—within ten business days after the institutional failure to timely respond to his grievance. *See* Dkt. No. 20 at 6-7.

Plaintiff's Objection to Magistrate Judge Whalen's Report and Recommendation is not particularly clear. Plaintiff emphasizes that his Objection is meant to "give [the Court] a clear view of what the grievance process can do for an inmate challenging prison officials authority."

Dkt. No. 21 at 4. It appears that the Plaintiff may be attempting to explain that he failed to continue using the grievance process either because he was retaliated against or because he feared retaliation.  After reviewing Plaintiff's papers, however, the Court finds that the Plaintiff's Objection is misguided under either theory.

In support of his position, the Plaintiff provides the Court with what he asserts is a "grievance that was denied" and an explanation of how his "special accommodations were stripped from [him] because of [the] grievance and the filing of a civil complaint." Dkt. No. 21 at 4. Upon reviewing what Plaintiff claims to be his denied grievance, however, there does not appear to be a denial of Plaintiff's grievance.

The document provided by the Plaintiff was generated by a Ronald M. Mingle on January 30, 2015, which is over a year from the original date—November 11, 2013—Plaintiff filed the grievance at issue against Defendant Potila. *See* Dkt. No. 22. The document is labeled as a "Special Accommodations Order," but merely contains handwritten complaints by Plaintiff where Plaintiff, himself, writes that his special accommodations were cancelled. This document does not show that the MDOC stripped Plaintiff of special accommodations in light of filing his grievance against Defendant Potila.

The Court fails to see the relevance of the document provided by Plaintiff. To the extent that this Objection was brought to show that Plaintiff was retaliated against, Plaintiff has proceeded in an improper manner.  Consequently, his objection is **OVERRULED** as irrelevant to the issue presently before this Court.  *See* Fed. R. Civ. P. 72 (b)(3) (requiring the district judge to conduct de novo review of any portion of a Report and Recommendation "that has been *properly* objected to.") (emphasis added).

To the extent Plaintiff is attempting to argue he didn't properly use the grievance system because he was fearful of retaliation, the Court finds that this objection is also without merit. A prisoner's subjective belief that the grievance process would be ineffective cannot excuse failure to exhaust the prison grievance procedure prior to filing suit. *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) ("To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[] believes the procedure to be ineffectual or futile.") (internal quotations and citations omitted.)   As such, Plaintiff's objection relating to exhaustion of administrative remedies is also **OVERRULED**.

## IV. CONCLUSION

For the reasons discussed, Plaintiff's Objection to Magistrate Judge Whalen's Report and Recommendation is **OVERRULED**.  Consistent with the analysis herein, the court **HEREBY ACCEPTS** Magistrate Judge R. Steven Whalen's January 23, 2015 Report and Recommendation, **GRANTS** Defendant's Motion for Summary Judgment [#17], and **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

SO ORDERED.

Dated: March 18, 2015

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge

-5-